IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELORIS J. MAYNARD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-00116 |
| | § | |
| QUIKTRIP CORPORATION; | § | |
| QT SOUTH, LLC; | § | |
| AND ALEX NGUYEN, | § | |
| Defendants. | § | JURY DEMANDED |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§1441 and 1446, QuikTrip Corporation,

QT South, LLC, and Alex Nguyen, (collectively referred to herein as "Defendants"), in the cause

styled "*Deloris J. Maynard v. QuikTrip Corporation, QT South, LLC, and Alex Nguyen*," originally

pending as Cause No. DC-22-17316 in the 193rd Judicial District Court of Dallas County, Texas, file

this Notice of Removal of the cause to the United States District Court for the Northern District

of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis for removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In

particular, diversity jurisdiction exists in this case because there is complete diversity of

citizenship between the parties. As set forth below, Plaintiff is a citizen of the State of Texas;

Defendants are not citizens of the State of Texas; and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs.[1]

## II.
## DIVERSITY JURISDICTION

Plaintiff Deloris J. Maynard, at the time of the initial filing of this action and at the current

time of the removal of this action, was and is a citizen, resident, and domiciliary of Dallas County,

Texas.

QT South, LLC, at all relevant times was and is a Limited Liability Company. Therefore, its

citizenship is determined by the citizenship of its members.[2] The sole member of QT, South, LLC

is QTR Corporation, a corporation duly formed and existing under the law of the State of

Oklahoma, with a principal place of business in Tulsa, Oklahoma. Accordingly, QT South, LLC is

and was at all relevant times a resident of the State of Oklahoma. Additionally, for the reasons

explained below, QT South, LLC is not a proper party to this action, has been fraudulently joined,

and hence its citizenship should not be considered for purposes of removal.

Alex Nguyen ("Nguyen"), at the time of the incident giving rise to this lawsuit and at the

time of the initial filing of this action, was a citizen and resident of the State of Texas. Nguyen, at

the current time of the removal of this action, is a citizen and resident of the State of Colorado.

However, for the reasons discussed below, Nguyen is not a proper party to this action and has

been improperly and/or fraudulently joined, and hence his citizenship should not be considered

for purposes of removal.

---

[1] *See* 28 U.S.C. § 1332 (2012).

[2] *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

QuikTrip Corporation – **the real party in interest and only proper QuikTrip entity to this action** – at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma. QuikTrip Corporation has never been a resident of, been incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims on or about December 18, 2020, she sustained injuries when she tripped and fell on the rug which was uneven at the entrance of a QuikTrip store located at 3311 W. Pleasant Run Road, Lancaster, Dallas County, Texas 75146. Plaintiff filed her Original Petition on December 16, 2022, in the 193rd Judicial District Court, Dallas County, Texas, alleging negligence-based claims against Defendants.

## IV.
## AMOUNT IN CONTROVERSY

As the Fifth Circuit has explained, "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"[3] Likewise, the amount-in-controversy asserted by Defendant should be accepted when not contested.[4] Thus, "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'"[5]

---

[3]   *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[4]   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014).

[5]   *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

Moreover, the removing party must only resort to establishing the amount in controversy by a preponderance of the evidence, "when a complaint does not allege a specific amount of damages."[6] The amount is sufficiently specific when it alleges "damages are in excess of the federal jurisdictional amount."[7] Recently, the Fifth Circuit found "the amount in controversy satisfied the jurisdictional amount" when the Texas plaintiff "sought up to $100,000 in damages"[8]

Here, Plaintiff specifically pleads in her Original Petition that she is seeking damages over $1,000,000.00.[9] Plaintiff further seeks recovery of damages for past and future: medical expenses; physical pain and physical impairment; mental anguish; and loss of earning capacity.[10] Thus, the amount in controversy in this case therefore exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[11]

## V.
## IMPROPER/FRAUDULENT JOINDER

In the event the diversity of citizenship of Defendants Alex Nguyen and QT South, LLC, are disputed, federal diversity jurisdiction still exists because every defendant other than QuikTrip Corporation has been fraudulently joined. Therefore, their citizenship should be disregarded for purposes of diversity jurisdiction.

---

[6]   *Greenberg*, 134 F.3d at 1253.

[7]   *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

[8]   *Eng. v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021).

[9]  *See* Plaintiff's Original Petition, attached hereto as Exhibit 2, at p. 1, Sec. 1.

[10]  *Id.* at p. 6, Sec. 26.

[11]  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

Since Plaintiff improperly named Alex Nguyen as a defendant, his citizenship should be disregarded for purposes of diversity jurisdiction. Although Plaintiff alleges theories of liability against QuikTrip, she does not set forth any allegations against Nguyen other than acts taken in performance of his duties at QuikTrip.[12] Plaintiff did not plead any facts that would allow Plaintiff to recover from Nguyen in his individual capacity, and, in fact, did not allege that Nguyen owed any separate or independent duty of reasonable care to Plaintiff apart from his employer's duty.

Improper/fraudulent joinder may be established where, as here, there is no possibility that a plaintiff can maintain a cause of action against an employee based on the pleaded facts.[13] Federal courts look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[14]

In Texas an individual acting as an officer, agent, or employee of a company can only be held individually liable for negligence when the individual owes an independent duty of reasonable care to the injured party ***apart from the employer's duty***.[15] Case law is replete with opinions finding that store managers and employees do not owe an independent duty of care to patrons who were injured on store property.[16] Actions by an employee or officer taken in the

---

[12] *Id*. at pp. 4, ¶¶ 15 – 16, p. 5, ¶¶ 21-22.

[13] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Larrouquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).

[14] *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[15] *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996)).

[16] *See, e.g., Kopczynski v. Wal-Mart Stores Texas, L.P.*, No. H-10-4507, 2011 WL 902237, at *4-7 (S.D. Tex. March 14, 2011) (not designated for publication) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 562-63 (Tex. 2005) and *Leitch*, 935 S.W.2d at 117-18); *Gaston v. Wal-Mart Stores Texas, LLC*, No. H-09-4094, 2010 WL 1426876, at *6-8 (S.D. Tex. April 8, 2010) (not designated for publication) (citing same); *Gonzalez v. Wal-Mart Stores*, No. 10-CV-120, 2010 WL 1417748, at *1-3 (W.D. Tex. March 31, 2010) (not designated for publication) (citing same).

course and scope of employment, whether active or passive, are actions of the corporation on behalf of the employer.[17]

In this case, Plaintiff's only allegations concerning Nguyen deal with alleged duties he may have owed in his capacity as a QuikTrip employee and are not distinct from those which QuikTrip, itself, would allegedly owe.[18] Specifically, Plaintiff alleges both QuikTrip and Nguyen breached their duties by: (1) "choosing not to remedy the unsafe condition of the uneven and flipped over run[19] at the entryway of Defendants' premise, to include replacement of such rug" and (2) negligently hired, supervised, trained, and retained, Defendants' employees, including Alex Nguyen.[20] None of the alleged duties were independently owed by Nguyen. Therefore, Plaintiff alleges no facts that would support an independently owed duty by Nguyen to Plaintiff, apart from a duty owed by Nguyen's employer QuikTrip.[21]

There is no possibility that Plaintiff can maintain a cause of action against Nguyen based on the pleaded facts, because there is no allegation to support an independent duty apart from his employer's duty that Nguyen owed to Plaintiff. Nguyen, therefore, has been improperly joined in this matter and his citizenship should be disregarded.

---

[17] *Leitch v. Hornsby,* 935 S.W.2d at 118.

[18] *See Id.*; *McKinney v. Home Depot, USA, Inc.*, No. 4:06-cv-327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) (not designated for publication) (concluding that a store manager was improperly joined because the plaintiff failed to allege that he owed an independent duty to the plaintiff); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999) (denying plaintiff's motion to remand, and noting that the plaintiff made no allegations that the store manager owed "her any independent duty or duty of reasonable care, apart from that which his employer owed any store patron").

[19] *Sic.*

[20] *See*, Pl's' Orig. Pet., at p. 5, ¶¶21– 22.

[21] *Leitch v. Hornsby,* 935 S.W.2d at 118; s*ee also Kopczynski v. Wal-Mart Stores Texas, LP,* 2011 WL 902237, at *4-7 (S.D. Tex. Mar. 14, 2011) (co-employees and managers owed no independent duty to employee despite allegations they personally participated in negligent acts).

Additionally, there is no possibility Plaintiff can maintain a cause of action against Defendants QT South, LLC based on the pleaded facts, because Plaintiff can only maintain a single cause of action for premises liability and only against QuikTrip Corporation, which had control over and responsibility for the premises. Defendant QT South, therefore, have been improperly joined in this matter and their citizenship should be disregarded. Upon properly disregarding the citizenship of all of the defendants not named QuikTrip Corporation, it is clear complete diversity exists between the proper parties in this case.

## VI.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[22] Defendants first became aware this case was removable on or about December 27, 2022, when QuikTrip was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendants of the document that first demonstrated the case was removable. Moreover, more than one year had not passed since the commencement of the action in state court on December 16, 2022.[23]

## VII.
## VENUE

Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the county in which the removed action has been pending is located within this district and division.

---

[22] *See* 28 U.S.C. § 1446(b).

[23] *Id.*

## VIII.
### PROCEDURAL REQUIREMENTS

Simultaneously with filing this Notice of Removal, Defendants have filed their Notice of Filing Notice of Removal with the Clerk of Court for the 193rd Judicial District Court, Dallas County, Texas.

In accordance with Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet (as of January 17, 2023);

(2) Plaintiff's Original Petition (filed December 16, 2022) with Service of Citation;

(3) Defendants' Original Answer (filed January 11, 2023).

Also in accordance with Local Rules 81.1 and 81.2, Defendant has filed the following documents with this Notice of Removal:

- Civil Cover Sheet;

- Supplemental Civil Cover Sheet; and

- Certificate of Interested Persons.

## IX.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court, Northern District of Texas, Dallas Division.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Robert Yadao**
State Bar No. 24077899
ryadao@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on January 17, 2023.

*/s/ B. Kyle Briscoe*
**B. Kyle Briscoe**